IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID RAY WALLACE, | ) | |
| ID # 578382, | ) | |
|     Movant, | ) | No. 3:07-CV-0177-R (BH) |
| vs. | ) | No. 3:02-CR-0328-R |
| | ) | ECF |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |
| | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Movant, an inmate currently incarcerated in a federal prison facility, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Respondent is the United States of America.

On January 29, 2003, a jury convicted movant of being a felon in possession of a firearm. On May 29, 2003, the Court sentenced him to 293 months imprisonment. In July 2005, movant filed a motion to vacate pursuant to 28 U.S.C. § 2255 wherein he raised five claims: (1) a violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) competency issues regarding trial judge; (3) ineffective assistance of trial counsel; (4) unconstitutional sentencing enhancement; and (5) a failure to issue *Miranda*[1] warnings. In October 2005, the assigned Magistrate Judge recommended that the Court find Claims 1, 2, and 4 procedurally barred for movant's failures to raise them on appeal and to show

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

prejudice from the failure to raise them on appeal. The Magistrate Judge further recommended that the Court deny the motion on the merits with respect to Claims 3 and 4. Although Claim 5 was not specifically addressed, the Magistrate Judge recommended that the Court deny the motion in its entirety. On November 9, 2005, the Court adopted the findings and recommendation of a United States Magistrate Judge, and dismissed the motion to vacate filed by movant over his objections, including an objection that the Magistrate Judge did not address his fifth claim.

Because movant has pursued a prior motion to vacate pursuant to 28 U.S.C. § 2255, *see* Civil Action No. 3:05-CV-1453-R, the Court must determine whether the instant motion is second or successive within the meaning of § 2255.

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a federal prisoner may file a second or successive motion to vacate in federal court. Under Fifth Circuit precedent, "a subsequent motion is 'second or successive' when it: '1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

In this instance, movant has filed a prior motion to vacate to challenge his federal conviction. Under *Orozco-Ramirez,* movant was required to present all available claims related to his conviction in his initial motion to vacate:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle.

2

> The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

In this instance, movant relies upon *United States v. Booker*, 543 U.S. 220 (2005) to assert a claim of cruel and unusual punishment based upon a misapplication of the sentencing guidelines. He also claims that his appellate attorney rendered ineffective assistance of counsel by failing to raise issues on appeal that petitioner unsuccessfully raised in his prior motion to vacate. He lastly claims that the Court failed to address his claim based upon *Miranda* that he raised in his prior motion to vacate. Movant could have raised his *Booker* claim, albeit not precisely on the recent case law, when he filed his first motion to vacate. *See In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam) (denying authorization for filing a successive motion to vacate based upon *Booker*); *United States v. Frazier*, 186 Fed. App'x 490, 490 (5th Cir. 2006) (per curiam) (holding that "*Booker* is not a ground for filing a successive § 2255 motion). In addition, nothing prevented movant from raising his claims of ineffective assistance of appellate counsel in his prior motion to vacate. Although movant could not have raised his last claim in his prior motion, such claim does not affect the successive nature of the instant motion to vacate. *See Gaines v. Dretke*, No. 3:04-CV-1185-D, 2005 WL 1540192, at *3-4 (N.D. Tex. June 30, 2005) (findings, conclusions, and recommendation), *accepted by* 2005 WL 1799518 (N.D. Tex. July 27, 2005). Because the instant action raises claims that movant could have raised in his first motion to vacate, the instant action is successive within the meaning of 28 U.S.C. § 2255.

Accordingly, movant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to

3

motions to vacate by § 2255). A three-judge panel of the court of appeals must first determine whether this Court should consider the instant motion. *Id.* § 2244(b)(3)(B). The panel will authorize the filing of a second or successive motion only upon a *prima facie* showing that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See id.* §§ 2244(b)(3)(C), 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the instant successive motion to vacate. Movant must obtain such an order before filing the motion in this Court.

Although the Court may appropriately dismiss the instant successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it may also transfer the successive motion to the Fifth Circuit for a determination of whether movant should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive motion to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a transfer to the Fifth Circuit appears appropriate.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant motion to vacate filed pursuant to 28 U.S.C. § 2255 be **TRANSFERRED** to the United

States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 12th day of February, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE